Dear Honorable Cole,
The Attorney General's office is in receipt of your request for an opinion wherein you ask the following questions:
1. "Can a City or Municipality regulate the height and size ofbuildings, front, rear or side yard size and other matters authorized byTitle 11 O.S. 43-101[11-43-101] et seq., on real property belonging to arailroad company?
 2. "Can a City or Municipality regulate the type of activity conductedby a railroad company on land owned by it through zoning ordinances?
 3. "Does a railroad company have to secure a building permit from acity requiring the same, prior to building, i.e. buildings, extrarailroad tracks for switching or mainline rail travel and fences, whensaid improvements are on land or owned by a railroad company and locatedwithin the corporate limits of the city and said improvements are to beused by the railroad company?"
Article IX, Section 18 of the Constitution of the State of Oklahoma grants to the Corporation Commission of the State of Oklahoma the authority with the duty of supervising, regulating and controlling all transportation and transmission companies doing business in this state.
Article IX, Section 6 of the Oklahoma Constitution declares railroads to be public highways and their acts and doings are to be reported annually to the Oklahoma Corporation Commission. Railroads being public highways are quasi public institutions and the devotion of their property to the public use effects it with a public interest, and while being protected by constitutional limitations, they are subject to regulation by the State. R.I. P. Ry. Co. v. Taylor, 15 Okla. 142, 192 P. 349 (1920).
Title 66 O.S. 9 (1971) grants the railroads the power to erect and maintain all necessary and convenient buildings, stations, fixtures, machinery for the accommodation and use of their passengers, freight and business subject to the statutes in relation thereto.
Title 11 O.S. 43-108 sets out the governing act in case of conflict.
 "Whenever the provisions of a statute, local ordinance or regulation require a greater width or size of yards, courts or other open spaces or require a lower height of building or less number of stories or require a greater percentage of lot to be left unoccupied or impose higher standards than any other applicable statute, local ordinance or regulation, in the provisions of the statute, local ordinance or regulation which impose higher standards or greater restrictions shall govern. In no event shall any provision of this article apply to any property of a railway company or terminal company."
11 O.S. 43-108 derived from the session laws of 1923 Chapter 178, Section 10 was not deleted by the Oklahoma Legislature during the 1977 revision of the statutes pertaining to cities and towns. Additionally, this portion of 11 O.S. 43-108 has not been the subject of any litigation or constitutional conflict since its original enactment.
A city has full legislative power over matters that are purely municipal; the Legislature is supreme as to matters of general concern. The issue to be resolved is whether the power is "purely municipal or whether there is a wider public interest". City of Wewoka v. Rodman, Okla. 46 P.2d 335 (1935). In that connection, the legislature has determined that regulations of railroads and their rail operations is subject only to the power of the Corporation Commission. The health, safety and welfare of the citizens of a municipality were primarily a matter of purely municipal concern. While a municipality may not impose restrictions on railroad operations, it may, consistent with its duty to protect the health and safety of its citizens, legitimately enforce such ordinances as fire, plumbing and electrical codes designed to protect occupants of railroad buildings. To the extent that a permit is required for purposes of notice to a municipality that construction of a building is undertaken, a railroad company must seek the requisite permit. The municipality may not, under guise of its zoning or other ordinances, deny the application for a permit thereby interfering with the Corporation Commission's power to authorize or regulate rail operations.
The Oklahoma Supreme Court has interpreted the Oklahoma Constitution to provide that the legislature has the ultimate authority over public utilities including railroads. The expressed statements by the legislature in 11 O.S. 43-108 exempting the property of the railroad company from the building and zoning provisions of Article 43 is consistent with the constitutional provisions which give the legislature the ultimate authority over public utilities.
It is, therefore, the opinion of the Attorney General that yourquestions should be answered as follows:
 A city or municipality may not regulate the height and size ofbuildings front, rear or side, yard size or other matters authorized byTitle 11 O.S. 43-101[11-43-101] et seq., on real property owned by arailroad company on which railroad operations are located.
 A city or municipality may not regulate the type of activity conductedby a railroad company on land owned by it through zoning ordinances.
 A railroad company does not have to secure a building permit prior toconstructing a building on land owned by the railroad on which railoperations are being conducted which would include the construction ofextra tracks for switching, mainline rail travel and fences, but arailroad company should file a request for a building permit for purposesof notice to a municipality that construction of a building is going tobe undertaken if the building is located on railroad property within thecorporate limits of a municipality to insure compliance with the fire,plumbing and electrical codes designed to protect occupants of railroadbuildings.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
VICTOR G. HILL, JR., ASSISTANT ATTORNEY GENERAL